IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MERCHANT LIVESTOCK COMPANY,

    Plaintiff,

    vs.                                                          2:23-cv-00257 KWR/JHR

CHEVRON U.S.A, INC., and
TETRA TECHNOLOGIES, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon (1) Defendant Chevron U.S.A.'s Partial Motion to Dismiss **(Doc. 5)**, and (2) Defendant Tetra Technologies, Inc.'s Partial Motion to Dismiss **(Doc. 14)**. Having reviewed the parties' pleadings and the relevant law, the Court finds that Defendants' motions are well-taken in part and, therefore, are **GRANTED IN PART** and **DENIED IN PART**. The Court dismisses Plaintiff's ejectment claim (Count II), but the other claims and remedies remain.

### BACKGROUND

This dispute arises from oil and gas operators' alleged improper use of Plaintiff's surface rights. Plaintiff alleges that Defendants illegally used Plaintiff's land, including driving on its roads, cutting fences, and placing produced water lines, in furtherance of their oil and gas operations. Plaintiff alleges that for over 18 months it tried to get Defendants to either pay for access or stop trespassing. Complaint, Doc. 1-1 at ¶¶ 2-4.

Plaintiff owns certain fee lands in Lea County, New Mexico, and also has certain state and federal leases bordering those fee lands. *Id.* at ¶¶ 12, 13. Defendant Chevron has oil and gas wells

and leases on Plaintiff's land. *Id.* at ¶¶ 15, 16. Defendant Chevron contracted with Defendant Tetra Technologies, Inc., to provide water and transport produced water in connection with the oil and gas operations. *Id.* at ¶¶ 17-19.

After Plaintiff found Defendants' employees and contractors trespassing on its land, Plaintiff proposed a global surface use agreement. The parties have not entered into an agreement. *Id.* at ¶¶ 21-22.

Plaintiff alleges that on seven different occasions vehicles operated by Defendant Chevron's employees or contractors drove on Plaintiff's roads or land, on July 7 and 29, 2021; September 29 and 30, 2021, March 29, 2022, May 16, 2022, and August 8, 2022. Plaintiff provided notices to Chevron of the alleged trespasses by its employees or contractors. *Id.* at ¶¶ 24-32.

On October 10, 2022, Plaintiff alleges it "discovered cut fences and massive lay flat lines sprawling across its Fee Lands" and "upon information and belief, the… water lines … were laid by Defendant Tetra." *Id.* at ¶¶ 33, 34. Plaintiff alleged that Tetra conspired with Chevron to knowingly and intentionally trespass with those lines. *Id.* at ¶¶ 42, 52-53. Plaintiff alleged that "as a result of the illegal trespasses, Defendants acquired illegal access to roads and lands that allowed them to earn millions of dollars of profits." *Id.* at ¶ 61.

Plaintiff asserts the following claims:

Count I: Trespass and Trespass for Mesne Profits

Count II: Ejectment

Count III: Unjust Enrichment

Count IV: Punitive Damages

Count V: Equitable and Injunctive Relief.

**LEGAL STANDARD**

Rule 12(b)(6) permits the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff's complaint must have sufficient factual matter that if true, states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("*Iqbal*"). As such, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*"). All well-pleaded factual allegations are "viewed in the light most favorable to the nonmoving party." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014). In ruling on a motion to dismiss, "a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555.

**DISCUSSION**

Defendants moved to partially dismiss Plaintiff's claims as follows:

- The ejectment claim (Count II) was not plausibly alleged as Defendants did not possess Plaintiff's property at the commencement of the case;

- Disgorgement of oil and gas profits, mesne profits, or restitution are not properly alleged as a damages remedy for any claim;

- The unjust enrichment claim (Count III) should be dismissed because there is an adequate remedy at law; and

3

- Punitive damages were not plausibly alleged against the corporate entities as required under *Chavarria v. Fleetwood Retail Corp.*, 2006-NMSC-046, 21, 143 P.3d 717 (N.M. 2006).

For the reasons stated below, the Court dismisses Plaintiff's ejectment claim (Count II) but declines to dismiss any other claims or damages remedy.

**I.      Plaintiff's Ejectment claim (Count II) is dismissed.**

Defendants moved to dismiss the ejectment claims, asserting that Plaintiff failed to state a claim as Plaintiff (1) does not plausibly allege that Defendants possessed the property and (2) does not allege that Defendants possessed the property at the commencement of the case.  In response, Plaintiff did not argue that Defendants possessed the property at the time the suit was filed.  Rather, Plaintiff argues that it may state an ejectment clam without alleging that Defendants possessed the property at the commencement of the case. Therefore, the Court assumes that Plaintiff has not alleged that Defendants possessed the property at the commencement of this case and concludes that Plaintiff fails to state an ejectment claim. For the reasons stated below, the Court agrees with Defendants and dismisses the ejectment claim.

Plaintiff fails to state an ejectment claim because it does not allege that Defendants possessed the property at the commencement of the case. "An action at law for ejectment lies to recover possession of lands to which a plaintiff is legally entitled. In ejectment, the parties' rights to possession are primarily in issue." *Pacheco v. Martinez*, 1981-NMCA-116, ¶ 16, 97 N.M. 37, 41, 636 P.2d 308, 312 (internal citations omitted), *citing Burke v. Permian Ford-Lincoln-Mercury*, 95 N.M. 314, 621 P.2d 1119 (1981).  The New Mexico Court of Appeals expressly contrasted ejectment actions with the suit for quiet title, and noted the quiet title action is available whether

4

the plaintiff is in or out of possession.  *Id*.  Here, there does not appear to be any dispute as to which party is entitled to possess the property.

In order to bring an action for ejectment under NMSA 1978 § 42-4-1 *et al*., a Plaintiff must "declare in [its] complaint that on some day, named therein, [it] was entitled to the possession of the premises, describing them; and that the defendant, on a day named in the complaint, afterwards entered into such premises and unlawfully withheld from the plaintiff the possession thereof." NMSA 1978, § 42–4–5 (1907). "Ejectment will lie for the recovery of the possession … of any real estate, where the party suing has been wrongfully ousted from the possession thereof, and the possession wrongfully detained."  NMSA 1978, § 42–4–2 (1907).  Interpreting these statutes, the New Mexico Court of Appeals has held that an ejectment action can only be maintained if the defendant is in possession of the property.  *Kaywal, Inc. v. Avangrid Renewables, LLC*, 2021-NMCA-037, ¶ 35, 495 P.3d 550, 566 (internal citations omitted) ("An action in ejectment is for recovery of possession, and can be maintained only if the claimant has been ousted of possession of his or her property… Here, because the complaint alleges that Plaintiff, not Defendants, are in possession of the property at issue, the complaint does not state a claim for ejectment.").  Here, Plaintiff does not appear to allege that Defendants possess the property and Plaintiff does not seek to recover possession of any land.

Moreover, "[i]t shall be sufficient to entitle the plaintiff to recover, to show that at the time of the commencement of the action the defendant was in possession of the premises claimed, and that the plaintiff had a right to the possession thereof."  NMSA 1978 § 42-4-7.  Plaintiff attempts to distinguish this statute, stating that the word "sufficient" does not mean "necessary."  While this may or may not be true, the statute suggests that a defendant's wrongful possession at the commencement is a key inquiry.  The purpose of the ejectment statute is to recover land wrongfully

5

withheld. *Pacheco v. Martinez*, 1981-NMCA-116, ¶ 16, 97 N.M. 37, 41, 636 P.2d 308, 312 (internal citations omitted) ("An action at law for ejectment lies to recover possession of lands to which a plaintiff is legally entitled. In ejectment, the parties' rights to possession are primarily in issue."). In a case applying New Mexico law, the Tenth Circuit has expressly held that "[a] right to possession of the premises at the time of filing the complaint is essential to maintaining ejectment both at common law and, indeed, under the statutory law of New Mexico. N.M.SA. §§ 22-8-1 and 22-8-7 (1953)." *Kerr-McGee Corp. v. Bokum Corp.*, 453 F.2d 1067, 1072 (10th Cir. 1972), *cited in Burke v. Permian Ford-Lincoln-Mercury*, 1981-NMSC-001, ¶¶ 4-5, 95 N.M. 314, 315–16, 621 P.2d 1119, 1120–21 ("The very foundation of the right to maintain an action of ejectment, both at common law and under the statutory law of New Mexico, is the plaintiff's right to the possession of the premises."); *Dickens v. Hall*, 1986-NMSC-029, ¶ 9, 104 N.M. 173, 175, 718 P.2d 683, 685 (citing and approving *Kerr*.).[1]

Therefore, Plaintiff fails to state a statutory claim for ejectment, as it does not allege that Defendants possessed the property at the commencement of the case, and it is not seeking to recover possession of any property.

To the extent Plaintiff also asserts a common law claim for ejectment under Count II, that claim fairs no better, for the reasons explained above explained above. In addition, at common law, ejectment claims generally sounded where the plaintiff was out of possession. *See, e.g., Oneida Indian Nation of N. Y. State v. Oneida Cnty., New York*, 414 U.S. 661, 683, 94 S. Ct. 772, 785, 39 L. Ed. 2d 73 (1974) (concurrence) ("Plaintiffs are out of possession; the defendants are in possession, allegedly wrongfully; and the plaintiffs claim damages because of the allegedly

---

[1] The Tenth Circuit cited the 1953 compilation of the New Mexico statute, which has the same statutory language as the 1978 compilation at issue here. *Compare* NMSA 1953 §§ 22-8-1 *et al.* with NMSA 1978 § 42-4-1 *et al*.

6

wrongful possession. These allegations appear to meet the pleading requirements for an ejectment action as stated in Taylor v. Anderson, 234 U.S. 74, 34 S.Ct. 724, 58 L.Ed. 1218 (1914)."); *Cayuga Indian Nation of N.Y. v. Pataki*, 413 F.3d 266, 285 (2d Cir. 2005) (plaintiffs must allege they are wrongfully out of possession). Moreover, according to *American Jurisprudence*, an ejectment action can commence only if the plaintiff is out of possession:

> Ejectment is a possessory action testing the right to the possession of real property, as against one who presently possesses it wrongfully.
>
> In other words, ejectment is an action filed by a plaintiff who does not possess the land but has the right to possess it, against a defendant who has actual possession. Ejectment is an action sounding in tort. The plaintiff's right to possession of the premises is the foundation of the right to maintain an action at ejectment under the common law, **and an ejectment action can succeed only if the plaintiff is out of possession,** and has a present right to immediate possession.

25 Am.Jur.2d *Ejectment* § 1 (2004) (footnotes omitted) (emphasis added). "[O]ne who is already in possession of real property cannot sue in ejectment but must resort to another form of remedy against a party claiming an adverse interest, such as an action to quiet title." 25 Am. Jur. 2d *Ejectment* § 18.

Plaintiff cites to a New Mexico territorial case, *Deeney v. Min. Creek Mil Co.,* 1902-NMSC-5, 10-14, 11 N.M. 279*,* for the proposition that an ejectment action can commence even if a plaintiff is in possession of the property. In that case, the New Mexico Territorial Supreme Court stated as follows:

> Our statute provides in express terms that an action of ejectment may be brought in support of an adverse claim in all cases, whether plaintiff is in or out of possession, and provides for the rendition of a special verdict by the jury to define the respective rights of the parties in the premises. Comp. Laws 1897, §§ 2290, 2291.

*Deeney v. Min. Creek Mill. Co.*, 1902-NMSC-005, ¶ 9, 11 N.M. 279, 67 P. 724, 724. However, Comp. Laws 1897, § 2290 expressly states that a "patent suit in ejectment to a mine or mining claim" can be brought "whether in or out of possession of such mine or claim". Comp. Laws 1987,

7

§ 2290. That territorial statute is not relevant here. Here, this case does not involve a dispute over a mining claim or a dispute over rights to the land. The absence of such statutory language here, if anything, would reveal that the legislature did not intend ejectment actions under NMSA 1978 § 42-4-1 *et al.* to commence where the plaintiff already had possession of the property at the commencement of the case.

Moreover, Plaintiff has not alleged that Defendants ever possessed Plaintiff's property, as Plaintiff has not alleged that Chevron occupied Plaintiff's property "with the intent to control it." *Olivas v. Olivas*, 1989-NMCA-064, 18, 708 P.2d 640 ("Possession requires the union of two elements, physical control over the [land] possessed, and an intent to exercise that control.").

As explained above, Plaintiff does not allege that Defendants possessed the real property at the commencement of the case. Therefore, Plaintiff fails to state an ejectment claim under Fed. R. Civ. P. 12(b)(6).

II.  **Court declines to dismiss Plaintiff's request for damages.**

Defendants request that the Court determine at the motion to dismiss stage that Plaintiff cannot seek damages in the form of disgorgement of profits, mesne profits, or "restitution." Defendants also assert that Plaintiff cannot assert punitive damages.

Generally, the appropriate form or amount of damages is not a proper subject for dismissal under Fed. R. Civ. P. 12(b)(6), as damages are not independent causes of action or claims. Defendants do not assert that Plaintiff cannot recovery *any* damages, but request that the Court determine what type of damages Plaintiff can obtain. Judge Gonzales has explained the issue as follows:

> The Court notes that "[a] punitive damage claim is not an independent cause of action or issue separate from the balance of a plaintiff's case." *Mason v. Texaco, Inc.,* 948 F.2d 1546, 1554 (10th Cir. 1991). Instead, a punitive damages claim "is part and parcel of a liability determination and does not have any independent being

> until a jury has decided ... that not only was a defendant's conduct negligent, but that it was gross, willful, wanton or malicious." *Id.* Consequently, "[a] request for punitive damages is not the proper subject of a Rule 12(b)(6) motion because such a request is not a separate cause of action." *In re Gold King Mine Release in San Juan Cty., Colorado, on Aug. 5, 2015*, 2019 WL 1442850, at *3 (D.N.M.). Put another way, "[a] Rule 12(b)(6) motion tests the sufficiency of a claim; it is not a proper mechanism for challenging a request for punitive damages." *Atlantis Car Care, Inc. v. Phoenix Ins. Co.*, No. 2019 WL 3892867, at *1 n. 1 (W.D. Okla.); *see also Khan v. Barela*, 2021 WL 107245, at *8 (D.N.M.), *report and recommendation adopted,* 2021 WL 371515 (D.N.M.) (noting that "only issue on a motion dismiss is whether the claim as stated would give the plaintiff a right to any relief, rather than to the particular relief demanded").

*Suttman-Villars v. Argon Med. Devices, Inc.*, 553 F. Supp. 3d 946, 963 (D.N.M. 2021). Upon reviewing the Restatement of Restitution (Third), § 40, Cmt. b[2], whether disgorgement of profits or mesne profits are available is a fact-dependent issue, and the requested damages are not categorically prohibited under one of Plaintiff's remaining claims. Plaintiff has plausibly alleged its damages remedies. To the extent Defendants assert that all profits were purely from its business enterprise and not from the use of Plaintiff's land, that asserted fact was not alleged in the complaint and therefore not properly before the Court on a motion to dismiss. The Court's declaration of what type of damages Plaintiff is entitled to would merely be speculative. As such, the Court does not believe it is appropriate to address the appropriate measure of damages at this time.

Alternatively, Plaintiff has plausibly alleged that Defendants may be subject to punitive damages. Defendant asserts that Plaintiff has not plausibly alleged corporate liability for punitive damages. The Court disagrees.

Plaintiffs plausibly alleged that Defendants intentionally trespassed, which may support punitive damages. *Duke v. Garcia*, No. 11-CV-784-BRB/RHS, 2014 WL 1333182, at *4 (D.N.M.

---

[2] This restatement section has been used in New Mexico cases. *See Martin v. Comcast Cablevision Corp. of California, LLC*, 2014-NMCA-114, ¶ 15, 338 P.3d 107, 111

9

Feb. 28, 2014). Plaintiff submitted eight separate demand notices to Chevron to stop trespassing on its land over an eighteen-month period. Complaint, Doc. 1-1, ¶¶ 21-49; Complaint, Doc. 1-1, Exhibits 2-8. Plaintiff also pled that "Chevron was provided notice (repeatedly), of the illegal trespasses and it knowingly condoned and/or failed to prevent the trespasses." ¶ 59. Plaintiff has plausibly alleged willfulness.

Defendants assert that punitive damages may only be asserted against corporate entities if (1) the misconduct is committed by employees possessing managerial capacity, (2) the corporation authorizes, ratifies, or participates in the misconduct, or (3) the cumulative effects of employee misconduct demonstrate culpable corporate mental state. *Chavarria v. Fleetwood Retail Corp.*, 2006-NMSC-046, 21, 143 P.3d 717.

Here, Plaintiff has alleged that Defendant Chevron's employees received at least eight notices over 18 months but repeatedly trespassed in spite of those notices. Defendants suggest there is no allegation that any manager received these notices. Plaintiff has plausibly alleged that Defendant Chevron was aware of the trespasses. *See* Doc. 1-1 at ¶¶ 21-49. To the extent Defendants assert that no manager or decision maker was aware of the trespasses, that fact was not asserted in the complaint. Even if it were asserted in the complaint, a corporation may not escape liability because its employees repeatedly failed to communicate with each other. "[T]he culpable mental state of the corporation, however, may be inferred from the very fact that one employee could be ignorant of the acts or omissions of other employees with potentially disastrous consequences." *Clay v. Ferrellgas, Inc.*, 1994-NMSC-080, ¶ 18, 118 N.M. 266, 271, 881 P.2d 11, 16. The Court concludes that Plaintiff has stated a plausible request for punitive damages under *Chavarria*.

**III.     <u>Court declines to dismiss unjust enrichment claim</u>.**

Defendants assert that Plaintiff's unjust enrichment claim fails, as that claim is an equitable claim not properly asserted where there is an adequate remedy at law. However, Plaintiff may plead at this stage alternate or even inconsistent claims or forms of relief. Fed. R. Civ. P. 8(d)(3). As Plaintiff argues, it has asserted multiple alternative claims but need not choose which one to pursue at the pleading stage. Moreover, it is not yet clear that Plaintiff will be able to obtain an adequate remedy at law. Therefore, dismissal of the unjust enrichment claim is premature.

### IV. Court declines to grant leave to amend ejectment claim.

Plaintiff summarily requested leave to amend if its ejectment claim was dismissed. Here, no motion to amend was filed, no proposed amended complaint was attached, and no proffer of the proposed amendments was provided in Plaintiff's response to the motions to dismiss. "The filing of a motion to dismiss gives the plaintiff notice that his complaint is potentially deficient and the opportunity to amend his complaint to cure the alleged deficiencies." *Ostler v. Buhler*, 30 F.3d 142 (10th Cir. 1994). *See also Hall,* 935 F.2d at 1109-1100 ("dismissals under Rule 12(b)(6) typically follow a motion to dismiss, giving plaintiff notice and opportunity to amend his complaint…"). The Tenth Circuit has "long held that bare requests for leave to amend do not rise to the status of a motion and do not put the issue before the district court." *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1282–83 (10th Cir. 2021); *see also Albers v. Bd. Of Cnty Com'rs of Jefferson Cnty., Colo,* 771 F.3d 697, 706 (10th Cir. 2014); *Glenn v. First National Bank in Grand Junction,* 868 F.2d 368, 369–72 (10th Cir. 1989). Here, the motions to dismiss provided adequate notice to Plaintiff of the alleged deficiencies in its complaint, and the opportunity to file a motion to amend. Plaintiff did not take advantage of that opportunity.

Instead, Plaintiff summarily requested amendment in their responses to the motions to dismiss. *See* Doc. 18 at 24. "Such 'shot[s] in the dark' do not request 'an order contemplated under

the rules,' do not state any particular grounds for the request, and lack basis. *Brooks*, 985 F.3d at 1282-83, *quoting in part Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 370–71 (10th Cir. 1989) ("A naked request for leave to amend asked for as alternative relief when a party has the unexercised right to amend is not sufficient."). Moreover, "[a] court need not grant leave to amend when a party fails to file a formal motion." *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) ("a request for leave to amend must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment before the court is required to recognize that a motion for leave to amend is before it"); *see also Warnick*, 895 F.3d at 755 (finding no abuse of discretion where a plaintiff merely suggested she should be allowed to amend and violated D. Kan. Local Rule 15.1).

Therefore, the Court concludes that leave to amend is not appropriate. *See In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1118 (10th Cir. 2015) (in denying leave to amend, "the district court was not required to give an explanation for dismissing the complaint with prejudice when plaintiff's request for leave to amend amounted to a single sentence at the end of his memorandum in opposition to the motion for summary judgment."). This is not a sanction or sanctions analysis, but merely an acknowledgement of what a party needs to do to put an issue before a district court. *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1282–83 (10th Cir. 2021).

## CONCLUSION

Plaintiff's ejectment claim (Count II) is dismissed. The Court declines to dismiss Plaintiff's damages request or unjust enrichment claim.

**IT IS THEREFORE ORDERED** that the (1) Defendant Chevron U.S.A.'s Partial Motion to Dismiss **(Doc. 5)**, and (2) Defendant Tetra Technologies, Inc.'s Partial Motion to Dismiss **(Doc.**

**14)** are hereby **GRANTED IN PART** and **DENIED IN PART** for the reasons described in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE